UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| ERNEST HOWARD KING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV422-157 |
| | ) | |
| WARDEN BROOKS L. BENTON, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

*Pro se* plaintiff Ernest Howard King has filed this 42 U.S.C. § 1983 case, alleging that various officials at Coastal State Prison failed to protect him from attacks from other inmates. *See generally* doc. 1; *see also* doc. 16-1. King was granted leave to proceed *in forma pauperis* ("IFP"). Doc. 15. He returned the required forms, albeit late. *See* docs. 18 & 19. King has informed the Court that he did not receive the Court's prior Order until after the deadline to comply had passed. *See* doc. 17 at 1 (stating the Plaintiff received the Court's January 17, 2023, Order on February 3, 2023). The Court construes his "response" as a request to extend his deadline. *Cf. Castro v. United States*, 540 U.S. 375,

1

381 (2003) ("Federal courts sometimes will ignore the legal label that a pro se litigant attaches to a [filing] and recharacterize [it] in order to place it within a different legal category."). So construed, his request is **GRANTED**. Doc. 17; *see also* Fed. R. Civ. P. 6(b). The Court will regard the IFP forms as timely submitted. Docs. 18 & 19.

King has also moved to amend his Complaint. *See* doc. 16. However, since he has not previously amended and no defendant has been served, he is entitled to amend as a matter of course. *See* Fed. R. Civ. P. 15(a)(1). Since he does not require leave, his Motion is **DISMISSED** as moot. Doc. 16. The Clerk is **DIRECTED** to docket his Amended Complaint. Doc. 16-1. The Court, therefore, proceeds to screen the Amended Complaint. *See* 28 U.S.C. § 1915A.

Because the Court applies Federal Rule of Civil Procedure 12(b)(6) standards in screening a complaint pursuant to § 1915A, *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1278-79 (11th Cir. 2001), allegations in the Complaint are taken as true and construed in the light most favorable to the plaintiff. *Bumpus v. Watts*, 448 F. App'x 3, 4 n.1 (11th Cir. 2011). Conclusory allegations, however, fail. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (discussing a Rule 12(b)(6) dismissal). As King is proceeding

*pro se*, his pleadings are held to a less stringent standard than pleadings drafted by attorneys and are liberally construed. *See Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011).

King's Amended Complaint alleges that various officials and employees of Coastal State Prison failed to protect him from assault by other inmates. He names as defendants supervisory officials, *i.e.*, Warden Brooks Benton, Deputy Wardens Jones, Glen, and Kagler, and officers, *i.e.*, Unit Managers Love and Ferry, Captain Brown, Gang Task Force Sergeant Mitchell, Sergeant Beard, and Mack, whose title is unclear.[1] Doc. 16-1 at 1-2. King alleges that he was placed in protective custody after he informed prison officials that members of a gang were attacking another inmate. *See id.* at 3-4. He alleges while he was in protective custody "[t]he [g]ang [m]embers would come to [his] cell and beat, kick, tamper with the locks and make threats." *Id.* at 4. In order to do so, the unidentified inmates were breaking out of their cells. *Id.* He alleges that he specifically informed defendants about those activities. *Id.* He also alleges that his cellmate informed

---

[1] King alleges that Mack "is a counsel at Coastal State Prison." Doc. 16-1 at 2.

defendants about those activities. *Id.* at 5. Several weeks after King's original report, although the exact timeline is not clear, the "gang members" forcibly accessed his cell, beat, and stabbed him. *Id.* Although some additional precautions were taken, the threats continued, and King was attacked twice more. *See id.* at 6-7. Finally, King alleges that grievances he submitted concerning the events were not properly processed. *Id.* at 7-8.

King's complaints about the processing of his grievances can be resolved with dispatch. Failure to follow internal procedures for processing inmate grievances is simply not actionable under § 1983. There is no constitutional right to jail grievance procedures, so any procedural problems arising from a prison's processing of grievances cannot support relief under § 1983. *See Baker v. Rexroad*, 159 F. App'x 61, 62 (11th Cir. 2005); *see also, e.g., Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) ("[T]he Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state."). King's allegations concerning failures to provide "receipts" for his grievances and insufficient responses to those grievances fail to state a claim upon which relief can be granted. To the extent that his

Amended Complaint asserts claims based on those allegations, they are **DISMISSED**.  Doc. 16-1, in part.

King's allegations concerning the remaining defendants' failure to protect him from attack by the unidentified "gang members" are sufficient for service.  "[P]rison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners."  *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (quotes and cites omitted).  "It is not, however, every injury suffered by one inmate at the hands of another that translates into a constitutional liability for prison officials responsible for the victim's safety."  *Id.* at 834.  Merely negligent failure to protect an inmate from attack does not justify liability under § 1983.  *Brown v. Hughes*, 894 F.2d 1533, 1537 (11th Cir. 1990).  "Prison officials must have been deliberately indifferent to a known danger before we can say that their failure to intervene offended 'evolving standards of decency,' thereby rising to the level of a constitutional tort."  *Id.* (citing *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976)).  King's allegations, discussed above, of specific threats, including inmates escaping from their cells to attempt to carry out those threats, and his allegations that defendants

5

were specifically aware of both are sufficient, for screening purposes to warrant service.

In summary, King's claims arising from allege failures to follow administrative grievance procedures are **DISMISSED**. Doc. 16-1, in part. His failure-to-protect claim against defendants Benton, Jones, Glen, Kagler, Love, Ferry, Brown, Mitchell, Beard, and Mack are approved for service, as discussed below.

Finally, the Court must assess King's filing fee. *See* 28 U.S.C. § 1915(b). His Prisoner Trust Fund Account Statement discloses average monthly deposits of $128.33. *See* doc. 19 at 1. Therefore, he owes an initial partial filing fee of $25.67. *See* 28 U.S.C. § 1915(b)(1) (requiring an initial fee assessment "when funds exist," under a specific 20 percent formula). His account custodian shall set aside 20 percent of all future deposits to the account, then forward those funds to the Clerk each time the set aside amount reaches $10, until the balance of the Court's $350 filing fee has been paid in full. In the event plaintiff is transferred to another institution, his present custodian shall forward a copy of this Order and all financial information concerning payment of the filing fee and costs in this case to plaintiff's new custodian. The

balance due from plaintiff shall be collected by the custodian at his next institution in accordance with the terms of the payment directive portion of this Order.

Since the Court approves for service King's failure-to-protect claim, a copy of Plaintiff's Complaint, doc. 1, his Amended Complaint, doc. 16-1, and a copy of this Order shall be served upon Defendants Benton, Jones, Glen, Kagler, Love, Ferry, Brown, Mitchell, Beard, and Mock by the United States Marshal without prepayment of cost. The Court **DIRECTS** the Clerk of Court to serve a copy of this Order upon Plaintiff. The Court also provides the following instructions to the parties that will apply to the remainder of this action.

### **INSTRUCTIONS TO ALL DEFENDANTS IN THIS ACTION**

Because Plaintiff is proceeding *in forma pauperis*, the undersigned directs service be effected by the United States Marshal. Fed. R. Civ. P. 4(c)(3). In most cases, the marshal will first mail a copy of the complaint to a defendant by first-class mail and request the defendant waive formal service of summons. Fed. R. Civ. P. 4(d); Local R. 4.5. A defendant has a duty to avoid unnecessary costs of serving the summons, and any defendant who fails to comply with the request for waiver must bear the

costs of personal service unless good cause can be shown for the failure to return the waiver. Fed. R. Civ. P. 4(d). Generally, a defendant who timely returns the waiver is not required to answer the complaint until 60 days after the date the marshal sent the request for waiver. Fed. R. Civ. P. 4(d)(3).

**IT IS FURTHER ORDERED** that any Defendant in this action is granted leave of court to take the deposition of Plaintiff upon oral examination. Fed. R. Civ. P. 30(a)(2). Defendants are further advised the Court's standard 140-day discovery period will commence upon the filing of the last answer. Local R. 26.1. Defendants shall ensure all discovery, including Plaintiff's deposition and any other depositions in the case, is completed <u>within that discovery period</u>.

If a Defendant takes the deposition of any other person, Defendants are ordered to comply with the requirements of Federal Rule of Civil Procedure 30. As Plaintiff will not likely attend such a deposition, the Defendant taking the deposition must notify Plaintiff of the deposition and advise him that he may serve on that Defendant written questions Plaintiff wishes to propound to the witness, if any. Defendants shall present such questions to the witness in order and word-for-word during

the deposition. Fed. R. Civ. P. 30(c). Plaintiff must submit the questions in a sealed envelope within 10 days of the notice of deposition.

## INSTRUCTIONS TO PLAINTIFF

Plaintiff is charged with the responsibility of **immediately** informing this Court and defense counsel of any change of address during the pendency of this action. Local R. 11.1. Plaintiff's failure to notify the Court of a change in his address **may result in dismissal of this case**.

**IT IS FURTHER ORDERED** that Plaintiff shall serve a copy of every pleading or other document submitted for consideration by the Court on each Defendant (or, if appearance has been entered by counsel, the Defendant's attorney). Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date on which a true and correct copy of any document was mailed to each Defendant or the Defendant's counsel. Fed. R. Civ. P. 5. "Every pleading shall contain a caption setting forth the name of the court, the title of the action, [and] the file number." Fed. R. Civ. P. 10(a).

Plaintiff has the responsibility for pursuing this case. For example, if Plaintiff wishes to obtain facts and information about the case

from a Defendant, Plaintiff must initiate discovery. <u>See generally</u> Fed. R. Civ. P. 26 to Fed. R. Civ. P. 37. The discovery period in this case will expire 140 days after the filing of the last answer. Local R. 26.1. Plaintiff does not need the permission of the Court to begin discovery, and Plaintiff should begin discovery promptly and complete it within this time period. <u>Id.</u> Discovery materials should **not** be filed routinely with the Clerk of Court; exceptions include: when the Court directs filing; when a party needs such materials in connection with a motion or response, and then only to the extent necessary; and when needed for use at trial. Local R. 26.4.

Interrogatories are a practical method of discovery for incarcerated persons. <u>See</u> Fed. R. Civ. P. 33. Interrogatories may be served only on a **party** to the litigation, and, for the purposes of the instant case, this means that interrogatories should not be directed to persons or organizations who are **not named** as a defendant. Interrogatories are not to contain more than 25 questions. Fed. R. Civ. P. 33(a). If Plaintiff wishes to propound more than 25 interrogatories to a party, Plaintiff must have permission of the Court. If Plaintiff wishes to file a motion to compel, pursuant to Federal Rule of Civil Procedure 37, he should first

10

contact the attorney for Defendants and try to work out the problem; if Plaintiff proceeds with the motion to compel, he should also file a statement certifying that he has contacted opposing counsel in a good faith effort to resolve any dispute about discovery. Fed. R. Civ. P. 26(c), 37(a)(2)(A); Local R. 26.5.

Plaintiff has the responsibility for maintaining his own records of the case. If Plaintiff loses papers and needs new copies, he may obtain them from the Clerk of Court at the standard cost of fifty cents ($.50) per page. **If Plaintiff seeks copies, he should request them directly from the Clerk of Court and is advised that the Court will authorize and require the collection of fees from his prison trust fund account to pay the cost of the copies at the aforementioned rate of fifty cents ($.50) per page.**

If Plaintiff does not press his case forward, the court may dismiss it for failure to prosecute. Fed. R. Civ. P. 41; Local R. 41.1.

It is Plaintiff's duty to cooperate in any discovery initiated by a Defendant. Upon no less than five days' notice of the scheduled deposition date, Plaintiff must appear and permit his deposition to be taken and must answer, under oath or solemn affirmation, any question

which seeks information relevant to the subject matter of the pending action.

As the case progresses, Plaintiff may receive a notice addressed to "counsel of record" directing the parties to prepare and submit a Joint Status Report and a Proposed Pretrial Order. A plaintiff proceeding without counsel may prepare and file a unilateral Status Report and is <u>required</u> to prepare and file his own version of the Proposed Pretrial Order. A plaintiff who is incarcerated shall not be required or entitled to attend any status or pretrial conference which may be scheduled by the Court.

**ADDITIONAL INSTRUCTIONS TO PLAINTIFF REGARDING MOTIONS TO DISMISS AND MOTIONS FOR SUMMARY JUDGMENT**

A Defendant may choose to ask the Court to dismiss this action by filing a motion to dismiss, a motion for summary judgment, or both. Under this Court's Local Rules, a party opposing a motion to dismiss shall file and serve his response to the motion within 14 days of its service. Failure to respond shall indicate that there is no opposition to a motion. Local R. 7.5. Therefore, if Plaintiff fails to respond to a motion to dismiss, the Court will assume that he does not oppose the

Defendant's motion. Plaintiff's case may be dismissed for lack of prosecution if Plaintiff fails to respond to a motion to dismiss.

Plaintiff's response to a motion for summary judgment must be filed within 21 days after service of the motion. Local R. 7.5, 56.1. The failure to respond to such a motion shall indicate that there is no opposition to the motion. Furthermore, each material fact set forth in a Defendant's statement of material facts will be deemed admitted unless specifically controverted by an opposition statement. If a Defendant files a motion for summary judgment, Plaintiff will have the burden of establishing the existence of a genuine dispute as to any material fact in this case. That burden cannot be met by reliance on the conclusory allegations contained within the complaint. If a Defendant's motion for summary judgment is supported by affidavit, Plaintiff must file counter-affidavits if he wants to contest Defendant's statement of the facts. If Plaintiff fails to file opposing affidavits setting forth specific facts showing that there is a genuine dispute for trial, any factual assertions made in the Defendant's affidavits will be accepted as true and summary

judgment may be entered against Plaintiff pursuant to Federal Rule of Civil Procedure 56.

**SO ORDERED,** this <u>1st</u> day of March, 2023.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA