# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| ERNEST HOWARD KING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV422-157 |
| | ) | |
| WARDEN BROOKS L. BENTON, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

The Court previously directed that *pro se* plaintiff Ernest Howard King's 42 U.S.C. § 1983 complaint be served upon the defendants. *See* doc. 22 at 6. Defendants have moved to dismiss, doc. 48, and to stay pending disposition of that motion, doc. 49. King's deadlines to respond in opposition to those motions have passed without any response. *See generally* docket; *see also* S.D. Ga. L. Civ. R. 7.5; doc. 22 at 12. This Court has construed a plaintiff's failure to respond to a motion to dismiss as a failure to prosecute the case. *See, e.g., Anderson v. Augustin*, 2020 WL 7873059, at *2 (S.D. Ga. Dec. 8, 2020), *adopted* 2021 WL 27304 (S.D. Ga. Jan. 4, 2021). However, several days after defendants filed their motion,

King filed a notice that his address has changed. *See* doc. 50. Given the timing of the defendants' filings and that notice, it is not entirely clear whether King has received notice of the pending motions.[1]

Under the circumstances, King must respond and explain his failure to prosecute this case. King is **DIRECTED** to **SHOW CAUSE** no later than June 2, 2023 why his case should not be dismissed for his failure to prosecute. The Clerk is **DIRECTED** to include copies of defendants' motions, docs. 48 & 49, with this Order to facilitate King's response. **King is advised that failure to respond timely will result in the dismissal of his case.** *See* **Fed. R. Civ. P. 41(b).**

Defendants' request to stay this case pending disposition of their Motion to Dismiss is due to be granted, whether or not it remains unopposed. A court has "broad discretion" in determining whether to grant a stay of discovery. *Rivas v. The Bank of New York Mellon*, 676 F. App'x 926, 932 (11th Cir. 2017). The Eleventh Circuit has recognized that it is appropriate for the Court dispose of "[f]acial challenges to the

---

[1] King's notice of the pendency of the motions does not alter his obligation to respond. The defendants served King by mail. *See, e.g.,* doc. 48 at 2. Service by mail is complete upon mailing. *See* Fed. R. Civ. P. 5(b)(2)(C). "[N]onreceipt . . . by the person to be served generally does not affect the validity of service." 4B Fed. Prac. & Proc. Civ. § 1148 (4th ed. 2023).

2

legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief," before the parties engage in costly and potentially unnecessary discovery. *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367-68 (11th Cir. 1997). However, as this Court has recognized, "*Chudasama* does not stand for the proposition that all discovery in every circumstance should be stayed pending a decision on a motion to dismiss. Instead, *Chudasama* and its progeny stand for the much narrower proposition that courts should not delay ruling on a likely meritorious motion to dismiss while undue discovery costs mount." *Sams v. GA W. Gate, LLC*, 2016 WL 3339764, at *5 (S.D. Ga. June 10, 2016) (quoting *S. Motors Chevrolet, Inc. v. Gen. Motors, LLC*, 2014 WL 5644089 at * 1 (S.D. Ga. Nov. 4, 2014)).

When "deciding whether to stay discovery pending resolution of a pending motion, the Court inevitably must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." *SP Frederica, LLC v. Glynn Cnty.*, 2015 WL 5242830, at *2 (S.D. Ga. Sept. 8, 2015) (internal quotation marks omitted) (quoting *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997)). To do so, "a court must take a

preliminary peek . . . to assess the likelihood that the motion will be granted." *Taylor v. Jackson*, 2017 WL 71654, at *1 n. 2 (S.D. Ga. Jan. 6, 2017) (quoting *Sams*, 2016 WL 3339764, at *6). "[A] stay should be granted only where the motion to dismiss appears, upon preliminary review, 'to be clearly meritorious and truly case dispositive.'" *Sams*, 2016 WL 3339764 at *6 (quoting *Feldman*, 176 F.R.D. at 652-53).

The "preliminary peek" at the Motion to Dismiss reveals that a stay is appropriate. The Motion is not meritless on its face. *See* doc. 48; *see also Arriaga-Zacarias v. Lewis Taylor Farms, Inc.*, 2008 WL 4544470, at *2 (M.D. Ga. Oct. 10, 2008) (granting a stay of discovery deadlines when a motion to dismiss is not "meritless on its face"). Additionally, a ruling on the motion to dismiss could be case-dispositive. *See* doc. 48-1 at 2, 6 (asserting King failed to exhaust his administrative remedies prior to filing this suit). The need to address King's failure to respond to the motions provides additional justification for the stay. On balance, then, a stay is appropriate. Defendants' Motion is, therefore, **GRANTED**.

4

Doc. 49. All deadlines in this case are **STAYED** pending the Court's Order on the Motion to Dismiss, doc. 48.

**SO ORDERED,** this 18th day of May, 2023.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA