## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

| | | |
|---|---|---|
| ERNEST HOWARD KING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV422-157 |
| | ) | |
| WARDEN BROOKS L. | ) | |
| BENTON, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>ORDER</u>

The Court approved several of *pro se* plaintiff Ernest Howard King's claims for service. *See generally* doc. 22. Defendants have appeared and moved to dismiss King's Amended Complaint, and all of its claims, asserting that he failed to exhaust his administrative remedies. *See* doc. 48; *see also* doc. 48-1 (brief). After multiple opportunities, King has not responded. Docs. 52 & 54. Defendants' Motion is, therefore, deemed unopposed. *See* S.D. Ga. L. Civ. R. 7.5. Although the motions are unopposed, the Court must still resolve their merits. *See, e.g., Giummo v. Olsen*, 701 F. App'x 922, 924 (11th Cir. 2017); *see also, e.g., Brown v. Selene Fin. LP*, 2023 WL 3335060, at *4 (N.D. Ga. Apr. 10, 2023). "Treating the motion as unopposed permits the Court to decide the

1

motion on the papers before it." *Brown*, 2023 WL 3335060, at \*4 (quoting *Giummo*, 701 F. App'x at 924) (internal quotation marks omitted). For the reasons explained below, defendants' Motion is **GRANTED**. Doc. 48.

The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion of available remedies is mandatory; "[a]nd that mandatory language means a court may not excuse a failure to exhaust, even to take [special] circumstances into account." *Ross v. Blake*, 578 U.S. 632, 638-39 (2016). The statute's plain language "means that until such administrative remedies as are available are exhausted, a prisoner is precluded from filing suit in federal court." *Leal v. Georgia Dept. of Corrs.*, 254 F.3d 1276, 1279 (11th Cir. 2001) (internal quotation marks and citation omitted); *see also McDaniel v. Crosby*, 194 F. App'x 610, 613 (11th Cir. 2006) (grievances and administrative appeals submitted after a complaint was filed "cannot be used to support [a] claim that [a plaintiff] exhausted his administrative remedies, because satisfaction of the exhaustion requirement was a precondition to the filing of [the] suit,

and, thus, must have occurred before the suit was filed." (citation omitted)).

"To exhaust administrative remedies in accordance with the PLRA, prisoners must properly take each step within the administrative process." *Bryant v. Rich*, 530 F.3d 1368, 1378 (11th Cir. 2008) (internal quotation marks and citation omitted). "[C]ourts cannot excuse a failure to exhaust available administrative remedies because 'special circumstances' exist or because the available procedures are futile or inadequate." *Garcia v. Obasi*, 2022 WL 669611, at *3 (11th Cir. Mar. 7, 2022) (citing *Ross*, 578 U.S. at 638-39, *Higginbottom v. Carter*, 223 F.3d 1259, 1261 (11th Cir. 2000)). "Where exhaustion . . . is treated as a matter in abatement and not an adjudication on the merits, it is proper for a judge to consider facts outside of the pleadings and to resolve factual disputes so long as the factual disputes do not decide the merits [of the underlying claims] and the parties have sufficient opportunity to develop a record." *Bryant,* 530 F.3d at 1376.

When a defendant files a motion to dismiss based on a prisoner's failure to exhaust administrative remedies, the Court follows a two-step

process.  *See Turner v. Burnside*, 541 F.3d 1077, 1082-83 (11th Cir. 2008).

As the Eleventh Circuit has explained:

> First, the court looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes the plaintiff's version of the facts as true.  If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed.  [Cit.] . . . If the complaint is not subject to dismissal at the first step, . . ., the court then proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion. [Cit.]  The defendants bear the burden of proving plaintiff has failed to exhaust his administrative remedies.

*Id.* at 1082 (citations omitted).  "[O]nce [the defendant's] burden has been met, the burden of going forward shifts to the plaintiff, who . . . must demonstrate that the grievance procedure was 'subjectively' and 'objectively' unavailable to him."  *Geter v. Baldwin State Prison*, 974 F.3d 1348, 1356 (11th Cir. 2020).

Defendants' Motion concedes that King's Amended Complaint sufficiently alleges exhaustion to bear his burden at the first *Turner* step. *See* doc. 48-1 at 4.  Defendants have submitted a declaration from a grievance coordinator at Coastal State Prison.  *See id.* (citing doc. 48-3 (Bell Declaration)).  Declarant testifies that, although the threats King alleges were grievable, King has only submitted two grievances during

his incarceration and neither concerns the issues alleged in his Amended Complaint. *Id.* at 5; *see also* docs. 48-4, 48-5 & 48-6. Given the unrebutted testimony and documents, therefore, the burden shifts to King to "demonstrate that the grievance procedure was 'subjectively' and 'objectively' unavailable to him." *Geter*, 974 F.3d at 1356. *Cf. Ross*, 578 U.S. at 648 ("The only limit to § 1997e(a)'s mandate is the one baked into its text: An inmate need exhaust only such administrative remedies as are 'available.'"). His failure to respond clearly does not discharge that burden. To the extent that any dispute remains after King's failure to respond, the Court concludes, based on Defendants' unrebutted submissions, that King failed to exhaust his available administrative remedies.

Given the Defendant's showing, and King's failure to respond in opposition to Defendants' Motion, the Court can discern no dispute that he failed to exhaust available administrative remedies. Defendants' Motion to Dismiss should, therefore, be **GRANTED**. Doc. 48, in part. *See, e.g., Turner*, 541 F.3d at 1082. King's Amended Complaint is **DISMISSED**. Doc. 16. To the extent that Defendants' Motion asserts

alternative grounds for dismissal, it is **DISMISSED** as moot.  Doc. 48, in

part.  The Clerk is **DIRECTED** to **CLOSE** this case.

**SO ORDERED**, this 26th day of July, 2023.

CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA